FILED
 2011 May-25  PM 03:55
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUIS MEJIA CONTRERAS, et al., | ] |
| Plaintiffs, | ] |
| vs. | ]  2:11-CV-00208-LSC |
| HABANEROS INC., et al., | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

The Court has for consideration a motion to dismiss, which was filed by the defendants on March 10, 2011.  (Doc. 15.)[1]  Plaintiffs sued Habaneros, Inc.; Ann Chen; Artemio Gancayco; T.G.A.C. LLC; and AA Management Group, LLC, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Specifically, Plaintiffs contend that they were not compensated for all time worked and were not paid overtime for hours worked over forty hours each week.  One plaintiff, Luis Mejia Contreras ("Contreras"), also includes state law assault and battery claims against Defendants stemming from an altercation Contreras had with one of Defendants' managers during business

---

[1] Defendants' March 10th motion to dismiss was filed in response to Plaintiffs' Amended Complaint. (Doc. 7.)  Defendants' earlier-filed motion to dismiss the first Complaint (Doc. 9) is MOOT.

hours. Contreras alleges that Defendants' manager hit him and shoved him to the floor.

Defendants have moved to dismiss Contreras' state law claims for assault and battery for lack of subject matter jurisdiction. Defendants contend that supplemental jurisdiction does not exist under 28 U.S.C. § 1367(a). Contreras disagrees. The issues raised in Defendants' motion to dismiss have been briefed by the parties and are now ripe for review. Upon full consideration of the legal arguments and evidence presented, the motion to dismiss will be granted.

Pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. § 1367(c), a district court's exercise of "pendent" or "ancillary" jurisdiction is now referred to as "supplemental jurisdiction." *Eubanks v. Gerwen*, 40 F.3d 1157, 1161 (11th Cir. 1994). "Subsection (a) of § 1367 establishes the district court's *power* to exercise supplemental jurisdiction over all supplemental claims which form part of the same 'case or controversy' under Article III of the Constitution." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (emphasis in original) (citing *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1563 (11th Cir. 1994)). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise

Removing.

out of a common nucleus of operative fact with a substantial federal claim." *Id.* (citing *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 724-25 (1966)).

In order to establish the FLSA violations alleged in the Amended Complaint, it is undisputed that Plaintiffs must show they were not paid for all hours worked and/or were not paid overtime for hours worked in excess of forty hours per week. Contreras argues that the evidence will show that Defendants' manager attacked him after he complained of not receiving his entire pay. Contreras contends that the assault shows that Defendants' FLSA violations were "willful and without good faith"; therefore, his state claims arise out of a "common nucleus of operative fact." However, the allegation that Contreras was attacked after complaining about his pay is not included in the Amended Complaint. Even if it was included, an assault like the one described does not establish that an FLSA violation is "willful." In order to show that an FLSA violation is "willful," a plaintiff must prove that "the employer is aware that his actions are subject to the FLSA, even though the employer reasonably believed in good faith that his conduct was not in violation of the Act." *Hedrick v. Hercules, Inc.*, 658 F.2d 1088, 1096 (5th Cir.,

Unit B 1981).² Contreras' state law claims do not comprise part of the same "case or controversy" as the operative federal claims in this action. Therefore, the Court does not have the power to exercise supplemental jurisdiction over those state law claims.

Even if this Court did have the authority to exercise supplemental jurisdiction over the state law claims, the Court retains "discretionary authority to dismiss supplemental claims under § 1367(c)." *Lucero*, 121 F.3d at 597. Section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"The *Gibbs* factors of judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together are evaluated under section 1367(c)(4)." *Parker v. Scrap Metal Processors, Inc.*,

---

²In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions issued by Unit B of the former Fifth Circuit after September 30, 1981.

468 F.3d 733, 745 (11th Cir. 2006).

Contreras has not established that pursuing his individual state law claims against the defendants in federal court is in the interests of judicial economy.  Substantial judicial resources have not yet been committed to the resolution of this case, and there is no unfairness to the parties to require Contreras to pursue his state law claims in state court.  While it may be inconvenient for Contreras to initiate a separate action in state court while pursuing his federal claims in this Court, there is no expectation that assault and battery claims would be tried together with the federal employment claims in this case.

For these reasons, the Court will not exercise jurisdiction over Contreras' state law claims against the defendants.  Defendants' motion to dismiss is due to be GRANTED.  A separate order will be entered.

Done this 25th day of May 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297